CHRISTINE EVAN, et al.,   )
                         )
Plaintiffs,          )
                         )
    vs.              )     No. 2:10-CV-246
                         )
JP MORGAN CHASE CREDIT   )
CARDS[1], et al.,       )
                         )
Defendants,          )

## OPINION AND ORDER

This matter is before the Court on Defendant Chase Bank USA, N.A.'s Motion to Dismiss Plaintiffs' Claims for Violation of the Racketeer Influenced and Corrupt Organization Act and the Fair Debt Collection Practices Act, filed on February 24, 2011. For the reasons set forth below, Chase's motion to dismiss is **GRANTED** and the **CLERK** is **ORDERED** to **DISMISS** the RICO and FDCPA claims against Defendant Chase.

BACKGROUND

Plaintiffs, Christine and George Evan ("Plaintiffs"), filed their amended complaint, *pro se*, on February 14, 2011, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") and the Racketeering Influenced and Corrupt Organization Act ("RICO") against Defendants Chase Bank USA, N.A., incorrectly named JP

---

[1] Defendant's correct name is Chase Bank USA, N.A.

Morgan Chase Credit Cards ("Chase") and Weltman, Weinberg & Reis Co., L.P.A. ("Weltman"). Plaintiffs hold several credit card charge accounts with Chase. The Plaintiffs further allege that Chase engaged in a pattern of fraudulent behavior with respect to those credit card accounts.

On February 24, 2011 Chase filed the instant motion for dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. In its motion to dismiss, Chase argues that Plaintiffs have not sufficiently plead the elements necessary in regard to the RICO claim, and that as primary creditor they are not a "debt collector" and cannot be held liable under the FDCPA.


DISCUSSION

At the outset, it should be noted that Plaintiffs are appearing *pro se* in this matter. Although, "pro se litigants are masters of their own complaints," and "[d]istrict judges have no obligation to act as counsel or paralegal to pro se litigants," *Myles v. United States*, 416 F.3d 551, 552 (7th Cir. 2005), a document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed if it fails to "state a claim upon which relief can be

granted." Federal Rule of Civil Procedure 8(a), which requires a "short and plain statement" to show that a pleader is entitled to relief governs the instant motion. To avoid dismissal, the complaint must describe the claim in sufficient detail to give the defendant "fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, (2007). A complaint need not plead law or be tied to one legal theory. *LaPorte County Republican Cent. Comm. v. Bd. of Comm'rs of the County of LaPorte*, 43 F.3d 1126, 1129 (7th Cir. 1994).

In *Ashcroft v. Iqbal*, the Supreme Court clarified its interpretation of the Rule 8(a)(2) pleading standard. 129 S. Ct. 1937 (2009). Rule 8(a)(2) does not require the pleading of detailed allegations, however, it does demand something "more than an un-adorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949. In order to survive a Rule 12(b)(6) motion, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face'." *Id*. (quoting *Twombly*, 550 U.S. at 570). A claim is facially plausible when the alleged facts "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Determining the plausibility of a claim is "a context-specific task that requires [the Court] to draw on [it's] judicial experience and common sense." *Id.* at 1950. "[N]aked assertions devoid of further factual enhancement" will not do. *Id.* at 1949

(internal quotation marks omitted).

Additionally, allegations of fraud in a civil RICO claim are subject to the heightened pleading standard set forth in Federal Rule of Civil Procedure 9(b), which requires a plaintiff to plead all allegations of fraud with particularity. *Slaney v. Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir. 2001). Rule 9(b) provides that when a party alleges fraud, they must state with particularity the circumstances constituting fraud. FED. R. CIV. P. 9(b). Facts such as the identity of the person making the fraudulent misrepresentations, the time, place and content of the misrepresentation, and the method by which it was communicated to the plaintiff be alleged in detail are required by Rule 9(b). *Windy City Metal Fabricators & Supply, Inc. v. CIT Technology Financing Services, Inc.*, 536 F.3d 663, 668 (7th Cir. 2008); *Hefferman v. Bass*, 476 F.3d 596, 601 (7th Cir. 2006).

Fair Debt Collection Practices Act

Defendant's motion seeks dismissal of the FDCPA claim on the grounds that, as a primary creditor, its actions fall outside the purview of the act. In response, Plaintiffs acknowledge the lack of a cognizable claim for an FDCPA violation by Chase. Plaintiff's Response Brief, ¶ 8. Therefore, Chase's motion to dismiss the FDCPA claim is **GRANTED**.

<u>Racketeering Influenced and Corrupt Organization Act Claim</u>

The RICO statute makes it unlawful "to conduct an enterprise's affairs through a pattern of racketeering activity." The Supreme Court has taught that such a claim requires a showing of four elements: (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Sedima, S.P.R.L. v. Imrex Company, Inc.*, 473 U.S. 479, 496 (1985). In addition, a plaintiff must allege and prove the existence of two distinct entities: (1) a person; and (2) and enterprise. *Cedric Kushner Promotions Ltd. v. King*, 533 U.S. 158, 161 (2001).

Our Circuit has taught that:

> Congress enacted RICO in an attempt to eradicate organized, long-term criminal activity. To that end, Congress chose to supplement criminal enforcement of its provisions with a civil cause of action for persons whose business or property has been injured by such criminal activity. To encourage private enforcement, Congress provided civil RICO plaintiffs with the opportunity to recover treble damages, costs, and attorney's fees if they can successfully establish the elements of a RICO violation by a preponderance of the evidence.

*Midwest Grinding Co., Inc. v. Spitz*, 976 F.2d 1016, 1019 (7th Cir. 1992)(citations omitted). Chase asserts that Plaintiffs have failed to allege an ongoing enterprise and sufficient predicate acts to uphold a RICO complaint. As Plaintiffs are proceeding *pro se*, some latitude should be given to their "inartfully pleaded" complaint, especially given the complexity of the RICO statute. *Cf.*

5

*Erickson*, 551 U.S. at 94. However, while a liberal construction of RICO is necessary so that Congressional intent is not frustrated by an overly narrow reading, it is not "an invitation to apply RICO to new purposes that Congress never intended." *Reves v. Ernst & Young*, 507 U.S. 170, 183 (1993).

<u>Racketeering Activity</u>

"Racketeering activity" is defined as a number of distinct, indictable offenses in Title 18 U.S.C. section 1961. Those include, but are not limited to violent crimes like murder, arson, and robbery and economic crimes such as bribery, extortion, embezzlement, mail or wire fraud, trafficking, and counterfeiting. 18 U.S.C. § 1961(1).

Plaintiffs allege in their amended complaint that Chase routinely failed to correct errors in the balances of the Plaintiffs' credit card accounts and engaged in other fraudulent activities. (Am. Cmplt, ¶¶ 3-7). Plaintiffs have not alleged any racketeering activity, as that term is used in the RICO statute.

To prove Chase's "pattern of racketeering," Plaintiffs further allege that these "routine" actions by Chase constitute the requisite predicate acts committed in furtherance of an "enterprise" as defined in the statute. Section 1961 requires a pattern of racketeering activity consisting of, at the very minimum, two predicate acts of racketeering committed within a 10

year time period. 18 U.S.C. § 1961(5); *Goren*, 156 F.3d at 728. Those "predicate acts" must all be violations of a specified list of criminal laws as noted in section 1961 *supra*. Again, Plaintiffs have not alleged any of the enumerated indictable offenses in their amended complaint, much less a pattern. RICO was never intended to allow plaintiffs to turn garden-variety state law fraud claims into federal RICO actions. *Jennings*, 495 F.3d at 472.

In their amended complaint, Plaintiffs allege seven occurrences involving six of their credit accounts with Chase, all occurring between August 2009 and June 2010. (Am. Cmplt, ¶ 7). Those allegations, however, allege fraud against one victim, for one single injury and cannot constitute a pattern of activity for RICO purposes. *Sutherland v. O'Malley*, 882 F.2d 1196, 1204-05 (7th Cir. 1989); *see also Brandt v. Schal Associates, Inc.*, 854 F.2d 948, 952 (7th Cir. 1988) (plaintiff's "allegations posit only multiple acts in furtherance of a single episode of fraud ... against a single victim .... [S]uch a scheme cannot constitute a RICO pattern"); *Medical Emergency Service Associates, S.C. v. Foulke*, 844 F.2d 391, 397 (7th Cir. 1988) ("[w]hile [plaintiff] can point to a number of predicate acts ... in furtherance of the alleged scheme to defraud ... the fact remains that each of these acts relate to but a single episode of alleged wrongdoing"); *and Lipin Enterpises, Inc. v. Lee*, 803 F.2d 322, 323-24 (7th Cir. 1986) (upholding dismissal of a complaint alleging racketeering acts all

designed to defraud one victim on one occasion.) Fraud allegations, of course, require a set of more detailed, specific factual support. Fed R. Civ. P. 9(b).

Additionally, in *Jennings*, 495 F.3d at 473-74, the Seventh Circuit noted that, "the duration of the alleged racketeering activity is perhaps the most important element of RICO continuity" (internal quotation marks and citations omitted). The Court found that a time span of 10 months was not long enough to justify a continuous pattern of racketeering activity. *Id.* Here, as in *Jennings*, we have an allegation of a ten month racketeering enterprise.

Taking into account the fact that these *pro se* plaintiffs deserve some amount of deference and latitude in their undertaking of this most complicated lawsuit, the Federal Rules of Civil Procedure nevertheless demand more in a pleading. The allegations of fraud in a complex racketeering enterprise lack the amount of specificity required by Rules 8(a)(2) and 9(b) as well as the Supreme Court's decision in *Iqbal*, 129 S. Ct. 1937. The Plaintiffs' complaint includes no specific names, no specific dates of instances of fraudulent behavior and despite considerable effort, Plaintiffs have not provided the Court with the type of facts that would make the RICO claim plausible.

<u>Enterprise</u>

For the purposes of the RICO statute, "enterprise" is defined as "any individual, partnership, corporation, association, or other legal entity, and any union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). A RICO enterprise is a group of persons associated together for a common purpose of engaging in a course of conduct, and is shown through evidence of ongoing organization and by evidence that the various associates function as a continuing unit. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). A RICO enterprise is "more than a group of people who get together to commit a 'pattern of racketeering activity.'" *Richmond v. Nationwide Cassel L.P.*, 52 F.3d 640, 645 (7th Cir. 1995). To prove a RICO enterprise, there must be evidence of an "organization with a structure and goals separate from the predicate acts themselves." *Stachon*, 229 F.3d at 675; *United States v. Masters*, 924 F.2d 1362, 1367 (7th Cir. 1991).

The "enterprise," in the Plaintiffs' minds is self-evident, in that both Defendants are "organized" corporations with some business relationship. *Id.* Conducting an enterprise that affects interstate commerce is not in itself a violation of section 1962. *Sedima*, 473 U.S. at 496. The fact that Chase and Weltman engaged in at least one business transaction does not make them an "enterprise" for RICO purposes.

The Seventh Circuit's extensive history of interpreting the RICO statute provides the Court with a multitude of examples of failed attempts at alleging a RICO enterprise. In *Richmond*, *supra*, the Court upheld the dismissal of a RICO complaint for plaintiff's open-ended description of a RICO enterprise without any structure or common course of conduct. 52 F.3d at 645. Four years later, in *Bachman v. Bear, Stearns & Co., Inc.*, 178 F.3d 930, 932 (7th Cir. 1999), the Court affirmed another dismissal at the "enterprise" stage. "There, a group of unrelated individuals and corporations supposedly got together to defraud the plaintiff, and the court found that the plaintiff's substantive fraud allegations merely established a conspiracy, not a RICO "organization" (or enterprise)." *Stachon*, 229 F.3d at 675-76 (citing *Bachman*, 178 F.3d at 932). Here, as in *Bachman*, we have two business entities allegedly conspiring to defraud the Plaintiffs. However, it cannot stand that "every conspiracy to commit fraud that requires more than one person to commit is a RICO organization and consequently every fraud that requires more than one person to commit is a RICO violation." *Id*. at 676 (quoting *Bachman*, 178 F.3d at 932).

The Plaintiffs here have not adequately alleged a RICO enterprise. While it is true that both Defendants are "organized" and "structured" as corporations, together they do not constitute an "enterprise" for the purposes of RICO. The plaintiffs have made no allegations of organization between the two, with no set of

specific goals to be reached outside of the alleged frauds (or predicates) committed against the Plaintiffs. Therefore, the allegations surrounding Defendants Chase and Weltman do not constitute an "enterprise" as defined in 18 U.S.C. § 1961(4).

CONCLUSION

For the reasons set forth above, Chase's motion to dismiss is **GRANTED** and the **CLERK** is **ORDERED** to **DISMISS** the RICO and FDCPA claims against Defendant Chase.

**DATED: July 21, 2011**　　　　　　　　/s/RUDY LOZANO, Judge
　　　　　　　　　　　　　　　　　　United States District Court